UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN GATES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:17-cv-01921-SEB-TAB |
| ) | |
| KEITH BUTTS, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Steven Gates for a writ of habeas corpus challenges Indiana Department of Correction (IDOC) policy concerning the restoration of credit time previously taken away. Specifically, he asserts that the change in policy violates the *Ex Post Facto* Clause. For the reasons explained in this Order, Mr. Gates's habeas petition must be **denied without prejudice.**

**I.     Background**

**A.     IDOC's Discretion to Restore Credit Time**

The Indiana legislature has given the IDOC discretion to restore any part of an offender's credit time that is revoked as a result of a disciplinary proceeding. *See* Ind. Code § 35-50-6-5(c) (Supp. 2015); *Campbell v. State*, 714 N.E.2d 678, 683–84 (Ind. Ct. App. 1999), overruled in part on other grounds by *Robinson v. State*, 805 N.E.2d 783, 791 (Ind. 2004). Specifically, the statute provides that "[a]ny part of the … good time credit of which a person is deprived under this section *may* be restored." *Id.* (emphasis added); *accord* Ind. Code § 35-50-6-5(c) (2014) ("Any part of the credit time of which a person is deprived under this section may be restored."); Ind. Code § 35-50-6-5(c) (2008) (same).

The IDOC has established a policy for the relevant decisionmakers at each facility to follow when restoring offenders' previously deprived credit time. The Disciplinary Code for Adult Offenders (DCAO) instructs facility decisionmakers on how to carry out the IDOC's legislatively conferred discretion. Two versions of the DCAO are relevant to this case, the 2012 version, dkt. 8-10, and the 2015 version, dkt. 8-11.

Under the 2012 version of the DCAO, the IDOC could exercise its discretion to restore credit time based on an offender's continued good behavior and based on an offender's eligibility. However, credit time lost as a result of a violation of offense A-100, among others, was not eligible for restoration. Dkt. 8-10 at 45, § IX(E)(9)(c)(4). If the offender's petition for restoration was approved, then 25% of the original amount of the total lost credit time was restored. *Id.* at 46, § IX(E)(9)(g). An offender could file another petition for restoration six months later and have another 25% restored, if still eligible, and then another six months after that. *Id.* § IX(E)(9)(g)(2)–(3). The IDOC, in its discretion, capped the maximum amount of credit time that could be restored at 75% of the credit time originally lost by the offender. *Id.* § IX(E)(9)(g)(4).

Effective June 1, 2015, the IDOC altered the manner in which it restored credit time going forward. *See* Dkt. 8-11. Under the 2015 version of the DCAO, the restoration of credit time is still based on the offender's good behavior, but several of the eligibility criteria have changed, *see id.* at 45–46, § IX(E)(9)(a). The facility can restore up to 60 days of credit time upon approval of the offender's first petition. *Id.* at 48–49, § IX(E)(9)(g)(1). An offender can file a petition to restore credit time every six months. *Id.* at 48, § IX(E)(9)(c). However, the maximum amount of "deprived earned credit time" that can be restored is 50% of "the cumulative amount of restorable earned credit time." *Id.* at 49–50, § IX(E)(9)(g)(3). The 2015 policy is silent about whether time lost as a result of Class A offense may be restored, and thus presumably permits it.

**B.     Loss of Earned Credit Time**

On May 15, 2012, Mr. Gates was sentenced to 16 years' imprisonment. During his current commitment period, Mr. Gates has been the subject of multiple disciplinary proceedings, seven of which have resulted in a deprivation of earned credit time:

| Proceeding No. | Offense | Loss of Earned Credit Time |
|---|---|---|
| IYC 12-12-0056 | B-236, disorderly conduct | 60 days |
| IYC 13-03-0158 | B-207, possession of an electronic device | 90 days |
| IYC 13-06-0021 | B-202, possession and/or use of a controlled substance | 60 days |
| IYC 13-06-0120 | B-212, assault/battery | 60 days |
| IYC 13-08-0041 | B-202, possession and/or use of a controlled substance | 60 days |
| IYC 14-02-0310 | A-121, possession of a cell phone | 180 days |
| IYC 14-04-0028 | A-100, violation of state law (IC § 35-42-2-1.5: aggravated battery) | 360 days |
| **Total** | | **763 days** |

Cumulatively, Mr. Gates lost a total of 763 days of earned credit time.

**C.     Restoration of Earned Credit Time**

On September 5, 2015, Mr. Gates filed his first petition for restoration of time. The petition was approved, and 60 days of earned credit time were given back per the 2015 policy.

Mr. Gates filed a second petition for restoration of time on March 5, 2016. That petition was approved, and another 60 days of earned credit time were given back.

On September 5, 2016, Mr. Gates filed a third petition for restoration of time. That petition was approved on September 9, 2016, and another 60 days of earned credit time were given back.

On March 5, 2017, Mr. Gates filed a fourth petition for restoration of time. The petition was approved on March 9, 2017, but only 22 days were restored. Based on IDOC's calculations, the 22 days brought Mr. Gates's total restored credit time to 202 days restored ((60 x 3) + 22 =

202), which is 50% of the 403 days' lost earned good-time credit they stated were eligible for restoration.

It appears that the IDOC combined aspects of both the 2012 policy and 2015 policy when calculating how lost earned credit time may be eligible for restoration. That is, following the 2012 policy, the IDOC declared that the 360 days he lost from the A-100 violation in 2014 was ineligible to be restored. However, following the 2015 policy, he was eligible to have 50% of his earned credit time restored, and not the 75% he would have been eligible to have restored under the 2012 policy.

Mr. Gates pursued a classification appeal shortly after, but that appeal was denied on March 20, 2017, on the ground that Mr. Gates had already reached the restoration cap of the 2015 version of the DCAO, which applies to all petitions for restoration filed after June 1, 2015. Mr. Gates was also informed that the DCAO prohibits any restoration of time from violations of offense A-100.

On June 9, 2017, Mr. Gates filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## II. Discussion

Mr. Gates asserts that the IDOC's change in the manner of exercising its discretion violates the *Ex Post Facto* Clause as applied to him and that he is thus entitled to have an additional 180 days of credit time restored. He asserts that prior to 2015, he was entitled to restoration of time from his A-100 violation, but that after 2015, he is not.

The respondent first asserts that Mr. Gates has not exhausted his state court remedies because Indiana courts will review claims challenging changes in IDOC policies relating to earned credit time. The respondent next assert that even if Mr. Gates could overcome the procedural

4

barrier and succeed on the merits of his *ex post facto* claim, which they do not concede, he would be entitled to restoration of at most 100 days, and not the 180 days he seeks.

A federal district court may not grant habeas corpus relief unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.A. § 2254(b)(1). Indiana courts have demonstrated that they will adjudicate whether the retroactive application of earned credit time restoration provisions violate the Constitution. In *Young v. Indiana Dep't of Correction,* 22 N.E.3d 716, 719 (Ind. Ct. App. 2014), the Indiana Court of Appeals held "that Section IX.E–9(d) of the DOC's Disciplinary Code for Adult Offenders, which limits restoration of credit time to credit time deprived during an offender's current sentence, does not violate the Equal Protection Clause of the Fourteenth Amendment or Article 1, Section 23 of the Indiana Constitution as the policy applies to offenders serving consecutive sentences." *Id*. at 719. *Young* demonstrates Indiana courts will adjudicate the *ex post facto* claim raised in this case.

The parties agree Mr. Gates has not presented this claim to the State courts and do not dispute such an adjudication by Indiana courts would be effective as required by 28 U.S.C.A. § 2254(b)(1)(B)(ii). Because the claim has not been presented to the Indiana courts, it is unexhausted. Therefore habeas corpus relief is unavailable and this petition must be dismissed without prejudice so that Mr. Gates can present it to the State courts.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, because Mr. Gates is not challenging his state court conviction, the 1-year period of

limitation in 28 U.S.C. § 2244(d) does not apply. *See Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002) ("[T]he custody he is challenging, as distinct from the custody that confers federal jurisdiction, is the additional two years of prison that he must serve as the result of the 'judgment' not of a state court but of the prison disciplinary board."). This means that dismissing this case will not effectively end his chance at habeas corpus review because he will still have time to file a new habeas corpus case (if necessary) after he finishes exhausting this claim by presenting it to the Indiana Supreme Court. Therefore a stay would not be appropriate.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Mr. Gates has failed to exhaust his state court remedies. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition is therefore **denied without prejudice**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 4/27/2018

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

STEVEN GATES
962108
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov